**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 109798

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROSE POWE,<br><br>Plaintiff,<br><br>vs.<br><br>VALENTINE & KEBARTAS, INC.,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

ROSE POWE (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against VALENTINE & KEBARTAS, INC. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York.

6. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7. On information and belief, Defendant's principal place of business is located in Lawrence, Massachusetts.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

12. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

13. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by letter. ("Exhibit 1.")

14. Defendant's letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

15. As set forth in the following Counts, Defendant's letter violated the FDCPA.

## FIRST COUNT
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations as to the Name of the**
**Creditor to Whom the Debt is Owed**

16. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

17. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

18. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

19. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

20. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

21. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

22. Defendant's letter fails to explicitly identify the name of the creditor to whom the debt is owed.

23. Defendant's letter fails to state by name and label any "creditor," "current creditor," or "creditor to whom the debt is owed."

24. Defendant's letter states, "Re: LVNV FUNDING LLC."

25. Defendant's letter states, "Original Creditor: MCI COMMUNICATIONS SERVICES I."

26. Defendant's letter states that payments should be made to "Valentine & Kebartas."

27. Defendant's letter states that "*MCI COMMUNICATIONS SERVICES I is required by the IRS to provide information about certain amounts that are discharged as a result of a cancellation of a debt on a form 1099C.*" (Emphasis in original.)

28. The least sophisticated consumer would likely be confused as to whether the creditor to whom the debt is owed is "LVNV FUNDING LLC," or "MCI COMMUNICATIONS SERVICES I," or "Valentine & Kebartas."

29. The least sophisticated consumer would likely be uncertain as to whether the creditor to whom the debt is owed is "LVNV FUNDING LLC," or "MCI COMMUNICATIONS SERVICES I," or "Valentine & Kebartas."

30. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

31. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

32. The least sophisticated consumer would likely be confused as to the name of the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

3

creditor to whom the debt is owed.

33. The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

34. Because the collection letter in the instant case is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of 15 U.S.C. § 1692e.

35. The least sophisticated consumer would likely be deceived by Defendant's conduct.

36. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

37. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations

38. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

39. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

40. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

41. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

42. Debt collectors may not make false statements in their attempts to collect debts.

43. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

44. Defendant's letters to Plaintiff states, "*MCI COMMUNICATIONS SERVICES I is required by the IRS to provide information about certain amounts that are discharged as a result of a cancellation of a debt on a form 1099C.  If MCI COMMUNICATIONS SERVICES I is required to notify the IRS, you will receive a copy of the form 1099C that is filed with the IRS.*" (Emphasis in original.)

45. The statement, "*MCI COMMUNICATIONS SERVICES I is required by the IRS to provide information about certain amounts that are discharged as a result of a cancellation of a*

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

*debt on a form 1099C*" is not an accurate reflection of the law.

46.   The statement, "*MCI COMMUNICATIONS SERVICES I is required by the IRS to provide information about certain amounts that are discharged as a result of a cancellation of a debt on a form 1099C*" is not an accurate reflection of the law as there are exceptions to this "requirement."

47.   The statement, "*MCI COMMUNICATIONS SERVICES I is required by the IRS to provide information about certain amounts that are discharged as a result of a cancellation of a debt on a form 1099C*" is false unless "MCI COMMUNICATIONS SERVICES I" is the creditor to whom the debt is owed.

48.   The least sophisticated consumer would likely be deceived by Defendant's letter.

49.   The least sophisticated consumer would likely be deceived in a material way by Defendant's letter.

50.   Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect Plaintiffs' alleged debt.

## JURY DEMAND

51.   Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a.   Statutory damages of $1,000.00 against Defendant pursuant to 15 U.S.C. § 1692k; and

b.   Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c.   Plaintiff's costs; all together with

d.   Such other relief that the Court determines is just and proper.

DATED: December 7, 2015

          **BARSHAY SANDERS, PLLC**

          By: _/s/ Craig B. Sanders_____
          BARSHAY SANDERS, PLLC
          100 Garden City Plaza, Suite 500
          Garden City, New York 11530
          Tel: (516) 203-7600
          Fax: (516) 706-5055
          csanders@barshaysanders.com
          *Attorneys for Plaintiff*
          Our File No.: 109798